## CIRCUIT COURT OF CHESTERFIELD COUNTY

Ava M. Sawyer

v.

The Peoples Network, Inc., et al.

March 6, 2002

BY JUDGE WILLIAM R. SHELTON

On November 16, 2001, the plaintiff and the defendant by counsel were present to give argument and present evidence on the Defendant's Motion Craving Oyer and Motion for Demurrer. The Motion Craving Oyer was granted, and Plaintiff was required to produce the contract between the parties to Defendant's counsel within seven days. At the conclusion of the hearing, the Court took the Defendant's demurrer under advisement awaiting the contract's production as well as for a review of the pleadings submitted.

Subsequent to that hearing, on February 7, 2002, the parties returned to Court to argue the Defendant's Motion to Compel Arbitration and Special Plea for Arbitration and/or Lack of Jurisdiction, as well as any issues remaining as to its Demurrer. The motions were argued and, at the conclusion of the hearing, Ms. Sawyer requested that the Court delay any decision until she could submit her brief on the issue. The Court gave Ms. Sawyer until the end of the day to submit her brief, taking the issue under advisement.

On February 8, 2002, Ms. Sawyer's brief and case law were submitted to the Clerk's Office for the Court's review.

Upon careful review of the contract, the pleadings, case law, and other evidence and arguments submitted, the Court grants the Defendant's Motion to Compel Arbitration. The Court grants this motion after considering several aspects of the law and of the contract.

First, the Supreme Court of Virginia's decision in *Hooper v. Musolino*, 234 Va. 558, 364 S.E.2d 207, *cert. denied* 488 U.S. 823 (1988), requires that if an agreement between parties contains a forum selection clause, it can be

16

enforced if the choice was not obtained by unfair means, if the contract has a reasonable relation to the state chosen, and if the law of the state chosen is not contrary to the public policy of Virginia. *See id.* at 566. It appears that the forum selection clause here was obtained by fair means and that the law of contracts in Texas is not contrary to the public policy here in Virginia. Despite this, there has been no proof that that there is a reasonable relationship between the contract and the state chosen by the parties to govern their contract. The only information providing any relationship to Texas at all is the return address for the contract. *See* Defendant's Letter of November 29, 2001, enclosure at 2. As such, the Court shall consider the terms of the contract at issue under Virginia law.

The Court finds that, under Virginia law, the arbitration clause in the contract between the parties is one that has been categorized as a broad arbitration clause. *See McMullin v. Union Land & Management Co.*, 242 Va. 337, 341, 410 S.E.2d 636 (1991); *Ahern v. Toll Brothers, Inc.*, 55 Va. Cir. 18, 21 (2001). As such, each claim that comes under the contract is subject to the arbitration clause. Paragraph 12 of the contract states, in part, the following:

> all disputes and claims relating to TPN, the Distributor Agreement, the TPN Marketing and Compensation Plan, or its products and services, the rights and obligations of an independent Distributor and TPN, or any other claims or causes of action relating to the performance of either an independent Distributor or TPN under the Agreement of the TPN Policies and Procedures shall be settled totally and finally by arbitration in Dallas, Texas, or such other location as TPN prescribes in accordance with the Federal Arbitration Act and the Commercial Arbitration Rules of the American Arbitration Association.... The decision of the Arbitrator shall be final and binding on the parties and may, if need be, reduced to a judgment in any court of competent jurisdiction. This agreement to arbitrate shall survive any termination or expiration of the Agreement.

Applying the terms of this agreement to the facts of this case, it would appear that the many claims asserted by Ms. Sawyer would come under the "all disputes and claims relating to TPN" term. As such, Ms. Sawyer would need to arbitrate any claims she has against TPN.

Further, considering that Pre-Paid Legal has asserted the privilege of the arbitration clause, then it is also assuming the burdens of the agreement between Ms. Sawyer and TPN. As a result of Pre-Paid Legal's assumption of

liability for the contract under a theory of successor liability,[1] the Court finds that Pre-Paid Legal has agreed to arbitrate with Ms. Sawyer.

Since arbitration can only be compelled where both parties have agreed to arbitrate,[2] based on the above finding of Pre-Paid Legal's constructive agreement to the terms of arbitration and Ms. Sawyer's clear consent to arbitrate under the terms of her agreement with TPN, signed September 30, 1997, the Court finds that arbitration should be granted.

---

[1] *See* Defendant's Special Plea of Arbitration and/or Lack of Subject Matter Jurisdiction, 2.

[2] *See* Gregory v. Interstate/Johnson Lane Corp., 1999 U.S. App. LEXIS 20862, *10 (4th Cir. Aug. 31, 1999).